**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
Telephone: (212) 300-0375
Fax:       (212) 481-1333

RECEIVED
JAN 12 2012
U.S.D.C. S.D.N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW LOVAGLIO, REBECCA JOZWIAK, and SHAO HUA LEE,**<br><br>           **Plaintiffs,**<br><br>    -against-<br><br>**W & E HOSPITALITY INC., GO NOBU, INC., EITA, INC., 366 EAST, INC., H.YACHI, INC., DAICHAN, INC., KAZUO WAKAYAMA, and TATSUNORI YAMADA,**<br><br>           **Defendants.** | **10 CIV 7351 (LLS)**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, Matthew Lovaglio, Rebecca Jozwiak, and Shao Hua Lee (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours pay, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, and other tipped, hourly food service workers who work or have worked at the East Japanese Restaurants located at 354 East 66th Street, 210 East 44th Street, 366 Third Avenue, and 253 West 55th Street in New York, New York; and 4494 Palisades Center Drive in West Nyack, New York (collectively "East").

2.      East is a chain of five Japanese style restaurants located throughout New York City and West Nyack, New York.  East has been reviewed in numerous printed and online restaurant guides, including New York Magazine and GQ.

3.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former East tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

4.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former East tipped, hourly food service workers who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

### PLAINTIFFS

#### Matthew Lovaglio

9.     Plaintiff Matthew Lovaglio ("Lovaglio") is an adult residing in Nyack, New York.

10.     Lovaglio was employed by Defendants as a bartender and server, a tipped, hourly food service worker, at the East restaurant located in Nyack, New York from in or around July 2009 to October 2010.

11.     Lovaglio is a covered employee within the meaning of the FLSA and the NYLL.

12.     A written consent form for Lovaglio was filed with the original Class Action Complaint.

#### Rebecca Jozwiak

13.     Plaintiff Rebecca Jozwiak ("Jozwiak") is an adult residing in Nanuet, New York.

14.     Jozwiak was employed by Defendants as a server, a tipped, hourly food service worker, at the East restaurant located in Nyack, New York from in or around May 2007 to August 2010.

15.     Jozwiak is a covered employee within the meaning of the FLSA and the NYLL.

16.     A written consent form for Jozwiak was filed with the original Class Action Complaint.

#### Shao Hua Lee

17.     Plaintiff Shao Hua Lee ("Lee") is an adult residing in Stony Point, New York.

18.     Lee has been employed by Defendants as a server, a tipped, hourly food service worker, at the East restaurant located in Nyack, New York from in or around 2005 to the present.

19.     Lee is a covered employee within the meaning of the FLSA and the NYLL.

20.     A written consent form for Lee was filed with the original Class Action Complaint.

## DEFENDANTS

21. Defendants, W & E Hospitality Inc., Go Nobu, Inc., Eita, Inc., 366 East, Inc., H.Yachi, Inc., Daichan, Inc., Kazuo Wakayama, and Tatsunori Yamada (collectively "Defendants"), employed Plaintiffs at all times relevant. Defendants have had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

22. During all relevant times, Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and the NYLL.

23. Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

24. Upon information and belief, Defendants' operations are interrelated and unified.

25. Upon information and belief, during all relevant times, East shared a common management and was centrally controlled and/or owned by Defendants.

26. Upon information and belief, during all relevant times, Defendants have had control over, and the power to change, compensation practices at East.

27. Upon information and belief, Defendants have had the power to determine employee policies at East, including, but not limited to, time-keeping and payroll policies, and policies governing the allocation of tips and/or gratuities.

### W & E Hospitality Inc.

28. Together with the other Defendants, W & E Hospitality Inc. ("W & E") has owned and/or operated East during the relevant period.

29. W & E is a domestic business corporation organized and existing under the laws of New York.

30.     W & E's principal executive office is located at 354 East 66th Street, New York, New York 10065.

31.     W & E is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

32.     Upon information and belief, at all times relevant, W & E's annual gross volume of sales made or business done was not less than $500,000.00.

**Go Nobu, Inc.**

33.     Together with the other Defendants, Go Nobu, Inc. ("Go Nobu") has owned and/or operated East during the relevant period.

34.     Go Nobu is a domestic business corporation organized and existing under the laws of New York.

35.     Go Nobu's principal executive office is located at 210 East 44th Street, New York, New York 10017.

36.     Go Nobu is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

37.     Upon information and belief, at all times relevant, Go Nobu's annual gross volume of sales made or business done was not less than $500,000.00.

**Eita, Inc.**

38.     Together with the other Defendants, Eita, Inc. ("Eita") has owned and/or operated East during the relevant period.

39.     Eita is a domestic business corporation organized and existing under the laws of New York.

40.     Eita's principal executive office is located at 4494 Palisades Center Drive, West Nyack, New York 10994.

41.     Eita is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

42.     Upon information and belief, at all times relevant, Eita's annual gross volume of sales made or business done was not less than $500,000.00.

**366 East, Inc.**

43.     Together with the other Defendants, 366 East, Inc. ("366") has owned and/or operated East during the relevant period.

44.     366 is a domestic business corporation organized and existing under the laws of New York.

45.     366's principal executive office is located at 366 Third Avenue, New York, New York 10016.

46.     366 is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

47.     Upon information and belief, at all times relevant, 366's annual gross volume of sales made or business done was not less than $500,000.00.

**H.Yachi, Inc.**

48.     Together with the other Defendants, H.Yachi, Inc. ("H.Yachi") has owned and/or operated East during the relevant period.

49.     H.Yachi is a domestic business corporation organized and existing under the laws of New York.

50.     H.Yachi's principal executive office is located at 253 West 55th Street, New York, New York 10019.

51.     H.Yachi is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

52.     Upon information and belief, at all times relevant, H.Yachi's annual gross volume of sales made or business done was not less than $500,000.00.

**Daichan, Inc.**

53.     Together with the other Defendants, Daichan, Inc. ("Daichan") has owned and/or operated East during the relevant period.

54.     Daichan is a domestic business corporation organized and existing under the laws of New York.

55.     Daichan's principal executive office is located at 354 East 66th Street, New York, New York 10019.

56.     Daichan is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

57.     Upon information and belief, at all times relevant, Daichan's annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendants**

58.     Kazuo Wakayama and Tatsunori Yamada ("Individual Defendants"), maintained control over, oversaw, and directed the operation of East, including its employment practices, during the relevant period.

59.     Upon information and belief, the Individual Defendants own and/or operate East.

60.     During all times relevant, the Individual Defendants were "employers" under the FLSA and the NYLL, and employed or jointly employed Plaintiffs and similarly situated employees.

61.     Upon information and belief, throughout the relevant period, the Individual Defendants have had the power to control the operations and compensation practices at East.

**Kazuo Wakayama**

62.     Upon information and belief, Defendant Kazuo Wakayama ("Wakayama") is a resident of the State of New York.

63.     Upon information and belief, at all relevant times, Wakayama has been the Chief Executive Officer of East.

64.     Upon information and belief, at all relevant times, Wakayama has had power over personnel decisions at East, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

65.     Upon information and belief, at all relevant time, Wakayama has had power over payroll decisions at East, including the power to retain time and/or wage records.

66.     Upon information and belief, Wakayama is actively involved in managing the day to day operations of East.

67.     Upon information and belief, at all times relevant, Wakayama has also had the power to stop any illegal pay practices that harmed Plaintiffs.

68.     Wakayama is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Tatsunori Yamada**

69.     Upon information and belief, Defendant Tatsunori Yamada ("Yamada") is a resident of the State of New Jersey.

70.     Upon information and belief, at all relevant times, Yamada has been the Vice President of East.

71.     Upon information and belief, at all relevant times, Yamada has had power over personnel decisions at East, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

72.     Upon information and belief, at all relevant time, Yamada has had power over payroll decisions at East, including the power to retain time and/or wage records.

73.     Upon information and belief, Yamada is actively involved in managing the day to day operations of East.

74.     Upon information and belief, at all times relevant, Yamada has also had the power to stop any illegal pay practices that harmed Plaintiffs.

75.     Yamada is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

76.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as tipped, hourly food service workers at East who elect to opt-in to this action (the "FLSA Collective").

77.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

78.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as tipped, hourly food service workers at East restaurants in New York between September 24, 2004 and the date of final judgment in this matter (the "Rule 23 Class").

79.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

80.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

81.    Upon information and belief, the size of the Rule 23 Class is at least 100 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

82.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

83.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours and split-shift pay as required by the NYLL;

(e)     whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips voluntarily paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(f)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(g)     whether Defendants distributed a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(h)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(i)     whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for customers who left, but failed to pay for their food and/or drinks, for breakages or spoilages, and for uniform-related expenses;

(j)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(k)     the nature and extent of class-wide injury and the measure of damages for those injuries.

84.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as tipped, hourly food service workers at East restaurants in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn.  Plaintiffs and the Rule 23 Class

members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

85.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 members.

86.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

87.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

88.    Defendants' violations of the law have been willful and intentional.

## PLAINTIFFS' FACTUAL ALLEGATIONS

89.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Matthew Lovaglio**

90.     Defendants did not pay Lovaglio the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

91.     Defendants did not inform Lovaglio of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

92.     Defendants did not allow Lovaglio to retain all the tips he earned.

93.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Lovaglio earned.

94.     Defendants unlawfully redistributed part of Lovaglio's tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

95.     Defendants imposed upon Lovaglio a tip redistribution or pooling scheme to which he never agreed.

96.     Upon information and belief, Defendants did not keep accurate records of wages or tips earned or of hours worked by Lovaglio.

97.     Defendants made unlawful deductions from Lovaglio's wages for customer walkouts, breakages, and mistakes.

98.     Defendants did not compensate Lovaglio for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Rebecca Jozwiak**

99.     Defendants did not pay Jozwiak the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

100.    Defendants did not inform Jozwiak of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

101.    Defendants did not allow Jozwiak to retain all the tips she earned.

102.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Jozwiak earned.

103.    Defendants unlawfully redistributed part of Jozwiak's tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

104.    Defendants imposed upon Jozwiak a tip redistribution or pooling scheme to which she never agreed.

105.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned or of hours worked by Jozwiak.

106.    Defendants made unlawful deductions from Jozwiak's wages for customer walkouts, breakages, and mistakes.

107.    Defendants did not compensate Jozwiak for the cleaning, care, and maintenance of the uniforms they required her to wear.

**Shao Hua Lee**

108.    Defendants did not pay Lee the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

109.    Defendants did not inform Lee of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

110.    Defendants did not allow Lee to retain all the tips she earned.

111.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Lee earned.

112.    Defendants unlawfully redistributed part of Lee's tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

113.    Defendants imposed upon Lee a tip redistribution or pooling scheme to which she never agreed.

114.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned or of hours worked by Lee.

115.    Defendants made unlawful deductions from Lee's wages for customer walkouts, breakages, and mistakes.

116.    Defendants did not compensate Lee for the cleaning, care, and maintenance of the uniforms they required her to wear.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiffs and the FLSA Collective)

117.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

118.    Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

119.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

120.    At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

121.    At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

122.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

123.    Defendants were required to pay directly to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate for all hours worked.

124.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 et seq., because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

125.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

126.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

127.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

128.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of all Plaintiffs and the FLSA Collective)

129.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

130.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

131.    Defendants have failed to pay Plaintiffs and the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours in a work week.

132.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

133.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

134.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    Defendants failed to pay the Plaintiffs and the members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

137.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

138.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

139.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

140.    Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from January 1, 2007 through July 24, 2009; and (3) $7.25 per hour for all hours worked from July 25, 2009 to the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

141.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

142.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

143.    Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class with a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

144.    Due to Defendants' violations of the NYLL, Plaintiffs and a the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as are available pursuant to the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

145.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

146.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

147.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

148.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

149.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as are available pursuant to the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours and Split-Shift Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

150.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

151.    Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours and for each day that they worked a split-shift.

152.    By Defendants' failure to pay Plaintiffs the member of the Rule 23 Class spread-of-hours and split-shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

153.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as are available pursuant to the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Unlawful Tip Retention
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

154.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.   At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

156.   At all times relevant, each Defendant has been an employer, agent, and/or officer within the meaning of the NYLL § 196-d, and the supporting New York State Department of Labor Regulations.

157.   The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

158.   Defendants pooled, redistributed and/or shared part of the gratuities received by Plaintiffs and the members of the Rule 23 Class with employees who are not entitled to gratuities in violation of the NYLL § 196-d and the supporting New York State Department of Labor Regulations.

159.   By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5, entitling Plaintiffs and the members of the Rule 23 Class to the value of the misappropriated gratuities, liquidated damages, as are available pursuant to the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions and Uniform Violations
(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

160.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

161.     Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the full amount of their wages as a result of deductions for breakages, customer walkouts, mistakes, and uniform-related expenses in violation of the NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

162.     Defendants failed to reimburse Plaintiffs and the members of the Rule 23 Class for the cost of uniforms that they purchased and that Defendants required them to wear.

163.     Defendants failed to launder or maintain the uniforms that they required Plaintiffs and the members of the Rule 23 Class to wear, and failed to pay Plaintiffs and the members of the Rule 23 Class the required weekly amount for such laundering and maintenance in addition to the required minimum wage.

164.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as are available pursuant to the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as tipped, hourly food service workers at East.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.   Unpaid minimum wages, overtime pay, misappropriated tips, and other unpaid wages, along with liquidated damages and interest, pursuant to the NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

D.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.   Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F.   Prejudgment and post-judgment interest;

G.   An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.   Reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and the NYLL; and

I.   Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      January 12, 2012

Respectfully submitted,

_____
Brian S. Schaffer (BS 7548)

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and*
*the Putative Class*

- 24 -