ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW LOVAGLIO, REBECCA JOZWIAK, and SHAO HUA LEE,<br><br>Plaintiffs,<br><br>-against-<br><br>W & E HOSPITALITY INC., GO NOBU, INC., EITA, INC., 366 EAST, INC., H.YACHI, INC., DAICHAN, INC., KAZUO WAKAYAMA, and TATSUNORI YAMADA,<br><br>Defendants. | 10 CIV 7351 (LLS) |



**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF FITAPELLI & SCHAFFER, LLP AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Fitapelli & Schaffer, LLP ("F&S") as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

## I.   PRELIMINARY APPROVAL OF SETTLEMENT

1.   Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement and the Declaration of Brian Schaffer ("Schaffer Decl.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached to the Schaffer Decl. as Exhibit B.

2.     The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3.     The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

## II.   CONDITIONAL CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS

4.     The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All servers, runners, and bussers who worked at the East Japanese Restaurants in New York – located at 354 East 66th Street, New York, New York 10065, 210 East 44th Street, New York, New York 10017, 4494 Palisades Center Drive, West Nyack, New York 10994, 366 Third Avenue, New York, New York 10016, and 253 West 55th Street, New York, New York 10019 – for at least two pay periods between September 24, 2004 and December 31, 2010, and who do not exclude themselves from the settlement.

5.     Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6.     Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are more than 250 putative Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

7.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants unlawfully took a "tip credit" and paid less than the minimum wage; failed to pay proper premium overtime compensation, failed to pay spread-of-hours pay, misappropriated tips by unlawfully distributing a portion to non-tip eligible workers, and failed to pay the full amount of wages as a result of unlawful deductions for breakages, customer walkouts, mistakes and uniform-related expenses. *See Matheson v. The Glazier Group, Inc., et al.*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216, at *2 (S.D.N.Y. Dec. 13, 2011); *Campos v. Goode*, No. 10 Civ. 0224, 2010 WL 5508100, at *1-2 (S.D.N.Y. Nov. 29, 2010); *O'Dell. v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009).

8.  These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *See Matheson*, 2011 WL 6268216, at *2; *Campos*, 2010 WL 5508100, at *1-2; *O'Dell*, 2009 WL 6583142, at *1.

9.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named Plaintiffs' and the class members' interests are at odds. *See Matheson*, 2011 WL 6268216, at *3; *O'Dell*, 2009 WL 6583142, at *2; *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 02494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).

10.  In addition, Plaintiffs' counsel, F&S, "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Matheson*, 2011 WL 6268216, at *3 (*citing O'Dell*, 2009 WL 6583142, at *2.

11.     Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Matheson*, 2011 WL 6268216, at *3; *deMunecas v. Bold Food, LLC*, No. 09 Civ. 0440, 2010 WL 2399345, at *1 (S.D.N.Y Apr. 19, 2010); *O'Dell*, 2009 WL 6583142, at *2. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Matheson*, 2011 WL 6268216, at *3; *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *3 (S.D.N.Y. Mar. 3, 2010); *O'Dell*, 2009 WL 6583142, at *2.

### III.    APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

12.     The Court appoints F&S as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

13.     F&S did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Matheson*, 2011 WL 6268216, at *3; *O'Dell*, 2009 WL 6583142, at *2. Courts have found F&S to be adequate class counsel in employment law class actions." *See Matheson*, 2011 WL 6268216, at *3 (*citing O'Dell*, 2009 WL 6583142, at *2).

14.     The work that F&S has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV. CLASS NOTICE

15.   The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit C to the Schaffer Decl., and directs its distribution to the Class.

16.   The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

17.   Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

18.   The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

19.   The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

## V. CLASS ACTION SETTLEMENT PROCEDURE

20.   The Court hereby sets the following settlement procedure:

   a.   Within 30 days of the date of this Order, Defendants shall provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and dates of employment of all Class Members (the "Class List");

b. The Claims Administrator shall mail the Notice to Class Members within 30 days of receiving the Class List;

c. Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period");

d. Plaintiffs will file a Motion for Final Approval of Settlement within 15 days of the fairness hearing;

e. The Court will hold a final fairness hearing on *Thursday July 5, 2012* at *3* p.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 21C;

f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment;

g. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be after any and all avenues of rehearing, reconsideration or appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired;

h. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards to Named Plaintiffs, and the Claims Administrator's fee within 15 days of the Effective Date; and

i. The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this 12 day of March 2012.

                                                              *Louis L. Stanton*
                                      Louis L. Stanton, United States District Judge